In the matter of the proceedings by the St. Paul & Northern Pacific Railway Company to acquire for its uses certain lands in Ramsey county.

## November 22, 1886.

Corporation — Status of Consolidated Corporation. — A corporation formed by a consolidation of a domestic and a foreign corporation, pursuant to Laws 1881, c. 94, must be deemed a "domestic corporation."

Condemnation Proceedings—Service of Notice on Domestic Corporation.—In proceedings under Gen. St. 1878, c. 34, title 1, to take private property for public uses, in the case of domestic corporations, the mode of service of notice provided in section 15, to wit, "upon the president, secretary, or any director or trustee of such corporation," is exclusive; and hence service "upon any acting ticket or freight agent," under Laws 1871, c. 64, (Gen. St. 1878, c. 66, § 62,) would not, in such proceedings, be legal service.

The St. Paul & Northern Pacific Railway Company instituted proceedings in the district court for Ramsey county to condemn a right of way over lands of various persons and corporations, among whom was the Minnesota, St. Croix & Wisconsin Railroad Company. That company appeared specially at the hearing on the petition, and moved that the proceedings be dismissed as to it for want of service of the notice, the only service made consisting in a delivery of the notice and a copy of the petition to one Robb, employed by it as a ticket agent. The motion was granted by *Simons*, J., and the petitioner appealed.

*D. A. Secombe*, for appellant.

*Howard Morris* and *Henry B. Wenzell*, for respondent.

MITCHELL, J.   These proceedings were instituted under Gen. St. 1878, c. 34. title 1, to condemn certain lands of respondent for the uses of appellant's railway.   Service of the notice required by section 15 of the chapter cited was made upon a ticket agent of the respondent.   The sufficiency of this service is the only question involved in this appeal.   It is alleged, without further explanation, that the respondent "was created by, and exists under, the laws of Wisconsin and Minnesota."   We shall assume that it is a corporation formed by the consolidation of a Wisconsin and Minnesota corporation, pursuant to Laws 1881, c. 94, as this is the only kind of a corporation, that we can think of, of which the statement referred to could be true.   This being so, it must be deemed a domestic corporation, as it is only by virtue of our laws that it exists as a corporation in this state.   Therefore it cannot be called a "non-resident," although its general offices be in the state of Wisconsin.   It follows that the provisions of Gen. St. 1878, c. 75, § 1, have no application. Indeed, no such claim is made by counsel, although it appears from the affidavit used in the court below that respondent did assume under that statute to appoint an agent upon whom service might be made.

In 1871 a statute was enacted that service of all process and papers in any civil action or proceeding, before any justice of the peace, or in the district court, against any railroad company in this state, might be made upon any acting ticket agent or freight agent of such company

within the county in which the action or proceeding shall be commenced. Laws 1871, *c.* 64, (Gen. St. 1878, *c.* 66, § 62.) This statute is broad enough in its terms to include this notice in these proceedings. But, under the statute then existing, no such notice was required to be served. Gen. St. 1866, *c.* 34, § 15. This notice was first required by the amendment of 1872, (Laws 1872, *c.* 53, § 2; Gen. St. 1878, *c.* 34, § 15.) This act of 1872, requiring this notice, made express provision for the mode of service. In case of domestic corporations, it provides that "such service may be made upon the *president, secretary, or any director or trustee* of such corporation." We think that the provisions of this statute as to the mode of service must, as to all cases to which they are applicable, be deemed exclusive. It follows that the service in this case was not a legal service. We might add that, as the statute of 1872 makes no provision for service upon domestic corporations which have no officer in this state upon whom legal service of the notice can be made, we see no reason why Gen. St. 1878, *c.* 66, § 63, would not be applicable to such a case.

Order affirmed.